

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

UNITED STATES OF AMERICA

CRIMINAL NO. 19-20726

vs.                     HONORABLE PAUL D. BORMAN

VIOLATIONS:   18 U.S.C. § 371
18 U.S.C. § 1952(a)(3)
29 U.S.C. § 501(c)

D-3   **GARY JONES,**

FILED USDC - CLRK DET
2020 FEB 27 AM 10:49

**Defendant.**

_____/

FILED USDC - CLRK DET
2020 FEB 27 AM 10:49

## SECOND SUPERSEDING INFORMATION

The United States Attorney charges:

### INTRODUCTION

Unless otherwise stated, at all times material to this Second Superseding Information, the following was true:

1. The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (referred to herein as "UAW" or as "United Auto Workers") was a labor organization engaged in an industry affecting commerce

1

within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code. The UAW represented hundreds of thousands of non-managerial employees employed by automobile manufacturers and other employers at numerous locations in Michigan and across the United States. The UAW was headquartered in Detroit, Michigan.

2. The UAW Region 5 Midwest States Community Action Program (CAP) Council ("UAW Midwest CAP"), the UAW Midwest CAP's predecessor entities, and the UAW Region 5 Southwestern States CAP Council ("UAW Southwest CAP") were labor organizations engaged in an industry affecting commerce within the meaning of Sections 402(i) and 402(j) of Title 29, United States Code.

3. The UAW Midwest CAP, its predecessor entities, and the UAW Southwest CAP are some of the UAW's many Community Action Program Councils funded through "per-capita" tax payments derived from member dues. Both CAP councils existed as labor organizations subordinate to the UAW and were governed by the UAW Constitution and its bylaws. The UAW Southwest CAP was based in Dallas, Texas; while the UAW Midwest CAP was located at the UAW Region 5's headquarters in Hazelwood, Missouri. UAW Region 5 was an internal subdivision of the United Auto Workers union.

4. The UAW, the UAW Midwest CAP, and the UAW Southwest CAP were

required to file publicly available annual financial disclosure reports with the United States Department of Labor.

5. From at least in or about 2010 through September 2012, **GARY JONES** served as the Assistant Director of UAW Region 5. From in or about October 2012 through June 2018, **GARY JONES** served as the Director of UAW Region 5. From June 2018 through October 2019, **GARY JONES** served as the President of the United Auto Workers union.

6. From in or about 2010 through September 2019, Vance Pearson served as either an officer or direct employee of the United Auto Workers.

7. From at least in or about 2010 through at least September 2019, Edward N. Robinson was the President of the UAW Midwest CAP or a predecessor entity. As such, Edward N. Robinson was an officer, within the meaning of Sections 402(n) of Title 29, United States Code, and was responsible for overseeing the operations of this UAW entity.

8. From in or about 2010 through in or about 2018, UAW Official B served as either an officer or direct employee of the United Auto Workers.

9. From in or about 2010 through in or about 2016, UAW Official C was directly employed by the United Auto Workers.

10. From in or about 2010 through in or about 2016, UAW Official D served

3

as either an officer or direct employee of the United Auto Workers.

11. From in or about 2010 through in or about 2012, UAW Official E served as an officer of the United Auto Workers.

## COUNT 1

### 18 U.S.C. §§ 371, 1952(a)(3) & 29 U.S.C. § 501(c)
### Conspiracy to Embezzle Union Funds and to Use A Facility of Interstate Commerce to Aid Racketeering Activity

**D-3  GARY JONES**

1. The allegations contained in all preceding paragraphs are hereby re-alleged and incorporated by reference in Count 1 as if fully set forth herein.

2. From at least in or about 2010 and continuing through in or about September 2019, both dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendant, **GARY JONES**, Vance Pearson, Edward N. Robinson, UAW Official B, UAW Official C, Union Official D, and UAW Official E did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with each other and with other individuals, both known and unknown, to commit offenses against the United States, that is, (1) to violate Title 29, United States Code, Section 501(c), embezzlement of union funds, and (2) to violate Title 18, United States Code, Section 1952(a)(3), use of a facility of interstate commerce in aid of racketeering activity.

3. During the course of the conspiracy, while **GARY JONES**, Vance Pearson, Edward N. Robinson, Union Official B, UAW Official C, Union Official D, and UAW Official E were officers of the United Auto Workers or were employed directly by the United Auto Workers, they did embezzle, steal, and unlawfully and willfully abstract and convert to their own use more than $1 million of the moneys, funds, property, and other assets of the United Auto Workers.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **GARY JONES** and others, both known and unknown, sought to accomplish the conspiracy, included, among other things:

4. While officers or employees of the United Auto Workers, **GARY JONES**, UAW Official B, UAW Official C, UAW Official D, UAW Official E, Vance Pearson, and Edward N. Robinson were involved in a multifaceted scheme to embezzle funds from the UAW. One facet of the scheme involved fraudulently obtaining hundreds of thousands of dollars of UAW funds from the UAW headquarters, the UAW Southwest CAP, and the UAW Midwest CAP. Much of this money was obtained through the submission of vouchers that claimed the payments were for legitimate expenses for UAW Region 5 conferences. In reality, the vouchers concealed the true destination of the funds and the true purpose of the expenses, which was for the personal benefit of select senior UAW officials.

Another facet involved a scheme to fraudulently divert hundreds of thousands of dollars of union funds from the UAW Midwest CAP or its predecessor entities, a significant portion of which was converted to cash.

5. While officers or employees of the United Auto Workers, **GARY JONES**, UAW Official B, UAW Official C, Vance Pearson, and Edward N. Robinson conspired to establish "Master Account" arrangements with various hotels across the United States. Ostensibly, these hotels were contracted to facilitate various union conferences and meetings related to UAW Region 5. However, the Master Accounts were used to divert hundreds of thousands of dollars of UAW funds for the personal benefit of select senior UAW officials, including **GARY JONES**, UAW Official B, UAW Official C, UAW Official D, Vance Pearson, and Edward N. Robinson. These Master Accounts were funded, in part, by the UAW Headquarters based on fraudulent vouchers submitted by senior UAW officials, which misrepresented the destination and purpose of the expenses. Although the vouchers represented the payments were to the hotel for legitimate conference expenses, significant portions of the funds were forwarded through the Master Account to outside vendors for personal expenses including cigars, private villas, high-end liquor and meal expenses, golfing apparel, golf clubs, and green fees. If funds from the UAW's headquarters were exhausted or additional funds were

needed, checks were issued from the UAW Midwest CAP and UAW Southwest CAP to satisfy debts incurred by senior UAW officials for illegitimate and personal expenses. This portion of the fraud resulted in the unauthorized or improper disbursement of over $750,000 of UAW funds.

6. While an officer of the United Auto Workers, Edward N. Robinson diverted hundreds of thousands of dollars from the UAW Midwest CAP through the acquisition of unsubstantiated and unauthorized UAW Midwest CAP checks. **GARY JONES** was aware of and participated in this part of the scheme. Previously, UAW Official E had directed Edward N. Robinson to similarly divert money from the UAW Midwest CAP. To conceal the theft, **GARY JONES** was aware that Edward N. Robinson fraudulently backstopped the payments with receipts for fake expenses or for expenses which had already been fully paid. Many of the receipts for expenses utilized by Edward N. Robinson for the cash embezzlement portion of the conspiracy had already been paid for by the United Auto Workers through the Master Account scheme detailed above in order to fraudulently justify the reimbursement of Edward N. Robinson with UAW Midwest CAP funds.

7. During the course of the conspiracy, Edward N. Robinson negotiated between $500,000 and $700,000 in fraudulent, unsubstantiated, or unauthorized

checks from the UAW Midwest CAP. Edward N. Robinson negotiated these checks into cash. After Edward N. Robinson obtained the cash, he supplied at least $60,000 in cash proceeds to **GARY JONES**, just as Edward N. Robinson had previously supplied cash to UAW Official E. The $60,000 in cash included $15,000 improperly taken from the UAW Labor Employment Training Corporation. On occasion, Edward N. Robinson would give cash generated from the scheme to other co-conspirators, including UAW Official C. Between 2010 and 2017, **GARY JONES** deposited a portion of the cash he received from Robinson into one of his personal bank accounts.

8. During the course of the conspiracy, portions of the proceeds from the UAW Midwest CAP portion of the conspiracy were used to pay for personal expenses of **GARY JONES**, Edward N. Robinson, Vance Pearson, Union Official B, Union Official C, Union Official D, and Union Official E.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and his co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan, and elsewhere:

9. In or about December 2015, **GARY JONES** ordered $13,046.91 in cigars from the Gary's Sales company located in Parker, Arizona. The order by **GARY JONES** included 12 boxes of Ashton Double Magnum cigars at $268.00 per box (totaling $3,216) and 12 boxes of Ashton Monarch Tubos cigars at $274.50 a box (totaling $3,294). **GARY JONES** ordered these cigars at the request of UAW Official B and, in large part, for the use of UAW Official B. The cost of the cigars was concealed within the expenses of a UAW Region 5 conference, and the UAW headquarters in Detroit that paid for the conference was never told that the purported expenses of the conference included over $13,000 in cigars.

10. In or about June 2016, a UAW accounting official in Detroit, Michigan challenged the propriety of an expense of $19,041.33 for "outside vendors" which had been submitted to the UAW headquarters for payment by **GARY JONES** and Vance Pearson in connection with a UAW Region 5 conference in California. On or about June 8, 2016, in an e-mail message sent from Hazelwood, Missouri, Vance Pearson falsely told the UAW accounting official that the $19,041.33 expense had been for "meals." In truth and in fact, however, the $19,041.33 expense included $5,670.00 for golf green fees, $375.00 for tips for caddies, and $10,087.92 for golf clothing, pants, shoes, hats, gloves, shorts, jackets, golf balls, sunglasses, and other

merchandise purchased by nine UAW officials, including **GARY JONES** and Vance Pearson.

All in violation of Title 18, United States Code, Sections 371 and 1952(a)(3) and Title 29, United States Code, Section 501(c).

## COUNT 2

### 18 U.S.C. § 371
### Conspiracy to Defraud the United States

**D-3 GARY JONES**

1. The introductory allegations are incorporated by reference as if fully set forth herein.

2. Between 2014 and 2018, **GARY JONES** did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree with Edward N. Robinson, Vance Pearson, and with other individuals and entities, both known and unknown, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment, and collection of revenue: to wit, income taxes.

3. It was part of that conspiracy that **GARY JONES**, Edward N. Robinson, Vance Pearson, and others concealed more than $1 million diverted from the UAW, UAW Midwest CAP, and UAW Southwest CAP.

4. It was part of that conspiracy that **GARY JONES**, Edward N. Robinson, Vance Pearson, UAW Official B, and others received more than $1 million in income from the UAW, UAW Midwest CAP, and UAW Southwest CAP, which income was falsely and fraudulently omitted from the IRS Form 990 returns filed by the UAW and UAW Midwest CAP.

5. **GARY JONES**, Edward N. Robinson, and others failed to report the income they received from their scheme to divert funds from the UAW, the UAW Midwest CAP, and the UAW Southwest CAP on their Form 1040 tax returns filed with the Internal Revenue Service.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendant and his co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan, and elsewhere:

6. Between January 2017 and December 2017, **GARY JONES**, Edward N. Robinson, Vance Pearson, and others negotiated "Direct Bill" or "Master Account"

arrangements with the Renaissance Palm Springs Hotel, Loews Coronado Bay Resort, Lodge of Four Seasons, and Thousand Hills Golf Resort. This allowed UAW officials to deposit UAW funds up-front and run a hotel tab for personal retail, grocery, meal, liquor, golf, cigar, and other entertainment expenses at vendors in and around the resorts. The resorts subsequently satisfied those debts using funds from the UAW's deposits.

7. Between January 2017 and December 2017, **GARY JONES**, Edward N. Robinson, Vance Pearson, and others prepared, approved, and submitted fraudulent Payment Request Forms to the UAW's international accounting staff requesting that the UAW disburse funds to Renaissance Palm Springs Hotel, Loews Coronado Bay Resort, Lodge of Four Seasons, and Thousand Hills Golf Resort. The purported purpose of the requests was for legitimate UAW business expenses related to training conferences. In reality, the forms fraudulently concealed the true purpose of the disbursements, which was to divert UAW funds for the personal benefit of high-level UAW officials. These fraudulent submissions caused UAW accounting personnel to make false accounting entries in the UAW's books and records, which were relied upon to generate financial statements and an IRS Form 990.

8. These same fraudulent submissions that caused UAW accounting personnel to make false accounting entries in the UAW's books and records and to create false

financial statements, were also relied upon to generate and file LM reports with the U.S. Department of Labor.

9. Between January 2017 and December 2017, **GARY JONES**, Edward N. Robinson, Vance Pearson, and others facilitated the transfer of $539,608 in funds from the UAW, the UAW Midwest CAP, and the UAW Southwest CAP to the following resorts:

- $200,000 to the Renaissance Palm Springs Hotel
- $161,941 to the Lodge of Four Seasons
- $107,447 to the Loews Coronado Bay Resort
- $70,220 to Thousand Hills Golf Resort

10. Between January 2017 and December 2017, **GARY JONES**, Edward N. Robinson, Vance Pearson, and others diverted $290,852 in UAW funds held on deposit at the aforementioned resorts for the personal benefit of themselves and other high-level UAW officials. The diverted funds were spent on the following:

- $129,336 for luxury condominiums and villas
- $46,588 for lavish restaurants
- $80,904 for golf greens fees and merchandise purchases
- $15,274 for cigars and related paraphernalia

- $18,750 for spa services, clothing, musicals, amusement park tickets and other purchases for the personal benefit of UAW officials.

11. On or about November 5, 2018, a UAW official filed a 2017 IRS Form 990 on behalf of the UAW. Unknown to the UAW official, the Form 990 contained the following false statements due to the actions of the conspirators, which prevented the IRS from making an accurate tax assessment with respect to funds diverted from the UAW for the personal benefit of **GARY JONES**, Edward N. Robinson, UAW Official B, Vance Pearson, and others:

- Falsely reported the diverted income to **GARY JONES**, Edward N. Robinson, UAW Official B, Vance Pearson, and others as a legitimate business expense on the UAW's Statement of Functional Expenses

- Failed to disclose $290,852 in reportable income to **GARY JONES**, Vance Pearson, and other key employees on Part VII – Compensation of Officers, Directors, Trustees, Key Employees, etc. related to funds diverted from the UAW.

12. Between January 2017 and December 2017, **GARY JONES**, Edward N. Robinson, UAW Official B, Vance Pearson, and others facilitated the transfer of $133,611 in funds from the UAW Midwest CAP by issuing checks to Edward N. Robinson or to cash. The checks were cashed and some of the proceeds were shared between Edward N. Robinson and **GARY JONES** for their personal benefit.

13. Between January 2017 and December 2017, **GARY JONES**, Edward N. Robinson, and others collected random receipts in an attempt to legitimize the UAW Midwest CAP checks issued to Robinson. The receipts were collected from numerous sources and rarely had any legitimate UAW Midwest CAP purpose. The receipts were provided to UAW Midwest CAP accounting personnel and were fraudulently portrayed as legitimate CAP business expenses. These fraudulent submissions caused the UAW Midwest CAP to make false accounting entries in its books and records, which were relied upon to generate financial statements and an IRS Form 990.

14. On or about March 25, 2018, UAW Midwest CAP President Edward N. Robinson filed a 2017 IRS Form 990 on behalf of the UAW Midwest CAP. The Form 990 contained the following false items, which prevented the IRS from making a proper determination of the UAW Midwest CAP's tax exempt status and prevented the IRS from making an accurate tax assessment with respect to funds diverted from the UAW for the personal benefit of **GARY JONES**, Edward N. Robinson, and others:

- Falsely reported the diverted income to **GARY JONES**, Edward N. Robinson, and others as a legitimate business expense on the UAW Midwest CAP's Statement of Functional Expenses

- Failed to disclose **GARY JONES** as an officer, or key employee on Part VII – Compensation of Officers, Directors, Trustees, Key Employees, etc.

- Failed to disclose $133,611 in reportable income to Edward N. Robinson, **GARY JONES**, and others on Part VII – Compensation of Officers, Directors, Trustees, Key Employees, etc. related to funds diverted from the UAW.

- Failed to disclose the material diversion of the UAW Midwest CAP's assets on Part VI – Governance, Management, and Disclosure and on Schedule O – Supplemental Information to Form 990 related to funds diverted from the UAW Midwest CAP for the personal benefit of Edward N. Robinson and **GARY JONES**.

15. On or about February 24, 2018, **GARY JONES** signed and filed a 2017 IRS Form 1040 Individual Tax Return which return failed to report income he diverted from the UAW, the UAW Midwest CAP, and the UAW Southwest CAP in 2017.

16. On or about March 18, 2018, Edward N. Robinson signed and filed a 2017 IRS Form 1040 Individual Tax Return which return failed to report income he diverted from the UAW, the UAW Midwest CAP, and the UAW Southwest CAP in 2017.

All in violation of Title 18, United States Code, Section 371.

# FORFEITURE ALLEGATIONS

## Forfeiture – 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)

1. Upon conviction of the offense alleged in Count 1 of this Second Superseding Information, defendant, **GARY JONES**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations or a conspiracy to commit said violations of Title 18, United States Code, Sections 371 and 1952(a)(3) and Title 29, United States Code, Section 501(c).

2. If any of the property described in paragraph 1 hereof as being subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America, shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

MATTHEW SCHNEIDER
United States Attorney

David A. Gardey
Assistant United States Attorney
Chief, Public Corruption Unit

Steven P. Cares
Assistant United States Attorney

Date: February 26, 2020

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number:<br>19-20726 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: 17-20406 |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | Judge Assigned: Paul D. Borman |
| ☑Yes ☐No | AUSA's Initials: |

*FILED USDC - CLRK DET 2020 FEB 27 AM 10:48*

**Case Title:** USA v. Gary Jones

**County where offense occurred:** Wayne

**Offense Type:** Felony

Information --- based upon LCrR 57.10 (d) [Complete Superseding section below]

### Superseding Case Information

**Superseding to Case No:** 19-20726     **Judge:** Paul D. Borman

**Reason:**
Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant Name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Gary Jones | 18 USC § 371<br>18 USC § 1952(a)(3)<br>29 USC § 501(c) | N/A |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

February 26, 2020
Date

David A. Gardey
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
david.gardey@usdoj.gov
(313) 226-9591
Bar #: P48990

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.