UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                      NO. 19-CR-20726

vs.

                                HON. PAUL D. BORMAN

D-3   GARY JONES,

      Defendant.

_____/

## SENTENCING MEMORANDUM OF THE UNITED STATES

### I.    Introduction

"I am here to fight for you," Gary Jones declared to the membership of the United Auto Workers ("UAW") union after being elected as their President. "The UAW is absolutely devoted to bettering the lives and job conditions of America's men and women. We will not be distracted from that mission," he continued. The reality, however, was far different. As a UAW Regional Director, international board member, and then President, Jones didn't fight for the UAW membership as a whole. Rather, he enriched only a small group of high-level UAW officials, the UAW Administration Caucus, and ultimately himself. And because of his greed and desire to obtain and retain power, he did become distracted from the union's true mission. Instead of protecting the hard-earned dues money of hundreds of thousands

of UAW workers, Jones perpetuated a culture of corruption.  He betrayed the trust

of the union's members by engineering a multi-faceted, multi-year embezzlement

scheme that benefited the UAW's most senior leaders and himself.  To make matters

worse, Jones also concealed his illegal income from the IRS and thereby avoided

paying his fair share of taxes.

Once Jones' crimes were uncovered though, he accepted responsibility for his

actions and cooperated with the government's efforts to prosecute his co-

conspirators and to clean up the union.  So far, that cooperation has led to the

conviction of another UAW President, Dennis Williams, and the civil settlement

between the United States and the UAW itself, which provides for six years of

independent oversight and a road to democratization, reform, and a UAW leadership

with integrity.

In view of the totality of the circumstances—taking account of the serious

crimes Jones committed and the damage done to the UAW and its membership, but

also taking account of his substantial cooperation—the United States recommends

that the Court sentence Jones to 28 months in prison, restitution of $550,000 to the

UAW, restitution of $42,000 to the IRS, and forfeiture of $151,377.

## II.   Analysis of Sentencing Factors

### A.   Sentencing Guideline Range

The parties and the Probation Officer agree as to the correct sentencing guideline range applicable in this case.  In the Rule 11 agreement, the parties agreed that the amount of fraud loss for which Jones is responsible is between $550,000 and $1.5 million.  As a result, Jones' sentencing guideline range is 46 to 57 months. Under the terms of the plea agreement, the possible sentence of imprisonment was capped at 57 months under Federal Rule of Criminal Procedure 11(c)(1)(C).

### B.   Seriousness of the Offense

There is no question that Jones' crimes were substantial and serious.  It is also significant that they took place over the course of nine years.  While serving as the UAW's Region 5 Director—one of the most senior positions within the UAW—and as a member of the International Executive Board, Jones engineered a scheme to embezzle union funds so he and the other top union leaders could maintain a jet-setting lifestyle.

Using the cover of UAW Region 5 conferences in Missouri and California, Jones used UAW dues money to pay for anything and everything he and the other top UAW leaders wanted:  He provided custom-made sets of golf clubs for himself and co-defendants Dennis Williams, Vance Pearson, and Edward Robinson, each set

costing thousands of dollars.  He allowed the senior UAW leaders and their families to vacation, for months at a time, in posh Palm Springs villas.  He provided lavish meals, over $60,000 worth of cigars, entertainment, rounds of golf, and liquor. Through the scheme, UAW leaders took over $100,000 worth of clothing, golf equipment, and other items.  The exorbitance was jaw-dropping.

To facilitate this lavish spending, Jones submitted fraudulent vouchers to the UAW accounting department.  The vouchers concealed the top officials' personal expenses by inflating other, legitimate conference expenses and holding back the detailed, itemized bills.

In another scheme, Jones and Robinson stole hundreds of thousands of dollars by submitting duplicate invoices for "conference" expenses which had already been paid.  Jones took approximately $45,000 in cash for his own personal use from this scheme.  Robinson likewise kept some of this cash for himself.  Robinson also used the cash to pay for gambling and liquor for former Region 5 Director Jim Wells. And he also used a portion to pay for extra entertainment and items for senior UAW officials in California and Missouri.  Jones improperly obtained, through Robinson, an additional $15,000 in cash from the UAW's Labor Employment Training Corporation.

Jones directly harmed the UAW and its membership by stealing hundreds of thousands of dollars.  This is money that should have been spent for the benefit of the membership and for legitimate union expenses.  The greater harm from Jones' crimes, however, is common to all corruption offenses.  Through their embezzlement schemes, Jones and his co-conspirators undermined the trust and confidence the UAW's membership and the public had in the UAW's leadership and in the institution itself.  This trust had been built up by honest UAW leaders over decades.  And based on Jones' and the other corrupt leaders' actions, it may take just as long to bring that reputation back.

Also, because of the depth and breadth of this corruption, the UAW now has an Independent Monitor who, for six years, will oversee the union.  Importantly, the cost of this oversight—likely to be millions of dollars—will be paid with union dues money.  In addition, the UAW has also had to pay significant sums in attorney fees related to the federal investigation as a whole, including fees for UAW officials under investigation or prosecuted.  These are all additional costs attributable to the culture of corruption.

## C.    Respect for the Law and Just Punishment

The Court's sentence for Jones' crimes needs to promote respect for the law and impose just punishment for his misconduct.  Jones reached the very highest

levels of leadership within the UAW, and he was a trusted UAW official.  From that position of trust, Jones intentionally acted to violate federal law for his own personal benefit and for the benefit of other senior UAW officials.  Appropriately, Jones' sentencing guideline range has been enhanced because of his leadership role in the conspiracy and because of his abuse of a position of trust.

Jones acted for his own personal financial benefit.  In addition, Jones acted out of naked ambition, using his position of trust and control over UAW funds to curry favor with the senior members of the Administration Caucus in order to buy his way to the top.  The corruption of the UAW's political and democratic systems was exacerbated by Jones' criminal acts.

Hundreds of thousands of men and women were UAW members during the conspiracy.  These men and women believed that their union leaders were seeking to better their "lives and job conditions," not stealing union dues money for personal entertainment.  The damage done to the UAW and the labor movement generally cannot be calculated.  There is no doubt, however, about the need to impose punishment for the wrongdoing and to vindicate the rule of law in the face of such long-standing and extensive criminal conduct.

In Jones' case, part of just punishment is a recognition of acceptance of responsibility, remorse, and his efforts to cooperate with the government's

investigations.  Jones has not sought to minimize his crimes or to point fingers at others for his own misconduct.  As set forth herein and in the government's Section 5K1.1 motion, the Court should consider Jones' cooperation and acceptance of responsibility in determining an appropriate sentence.

### D.     Deterrence

Millions of Americans are members of labor unions.  They depend on the leadership of their unions to act zealously in the best interests of the membership and their families and to manage and use the dues money of union members with integrity and only for lawful purposes approved of by the membership.  Given the importance of the financial integrity of labor unions, general deterrence is an important component of the Court's sentence in this series of cases.  Senior union officials need to know that labor corruption will be punished.  They need to know that they occupy positions of trust over their members and their families.  In overseeing the use of union members' dues money, union leaders must conduct themselves at the highest level of honesty, integrity, and transparency.  The membership of the UAW needs men and women who will lead with integrity and who will put the interests of the members and their families above all other considerations.  Any effort to violate the law in order to cling to power or for personal aggrandizement or greed must be punished.

In this series of prosecutions, the Court has sent and will send a message that corruption by labor union leaders will be punished. A sentence of over two years in prison, combined with hundreds of thousands of dollars in restitution and forfeiture, is an appropriate sentence given the circumstances of Jones' crimes and his conduct since being prosecuted.

In terms of individual deterrence, Jones is unlikely to ever occupy a position of trust with a labor union. Also, the government agrees that there is little, if any need, for individual deterrence in this case given how Jones has conducted himself.

## III.    Conclusion

Jones engaged in serious crimes over several years which harmed the UAW and its membership, undermining the confidence of the membership in the union. To take responsibility for his crimes, Jones has engaged in substantial cooperation with the government deserving of recognition. Under the circumstances, the Court should sentence Jones to 28 months in prison, combined with restitution to the UAW

of $550,000, restitution of $42,000 to the IRS, forfeiture of $151,377, and a

substantial fine, so as to achieve the goals of Section 3553(a).


SAIMA S. MOHSIN
Acting United States Attorney

*s/David A. Gardey*
DAVID A. GARDEY
STEVEN P. CARES
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9100
David.Gardey@usdoj.gov
Steven.Cares@usdoj.gov

Dated: June 3, 2021

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Counsel of Record for Gary Jones

*s/David A. Gardey*
DAVID A. GARDEY
Assistant United States Attorney

Dated:  June 3, 2021

10