United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,    Case No. 19-cr-20726

vs.           Hon. Paul D. Borman

D-3 Gary Jones,

    Defendant.
_____/

## Stipulated Preliminary Order of Forfeiture

The United States of America, by and through its attorney, Adriana Dydell, Assistant United States Attorney, and Defendant Gary Jones ("Defendant"), by and through his attorney, J. Bruce Maffeo, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

  1.  On February 27, 2020, the United States filed a Second Superseding Information, which charges Defendant with one count of Conspiracy to Embezzle Union Funds and to Use a Facility of Interstate Commerce to Aid Racketeering Activity, in violation of 18 U.S.C. §§ 371, 1952(a)(3) and 29 U.S.C. § 501(c) and one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. (ECF No. 32).

  2.  The Second Superseding Information contains Forfeiture Allegations which provide notice that the United States intends to forfeit any property, real or

1

personal, which constitutes or is derived from proceeds traceable to the charged violations. (ECF No. 32, PageID. 258).

3.   On or about June 3, 2020, Defendant pleaded guilty to Counts One and Two of the Second Superseding Information. (ECF No. 42).

4.   In the factual basis of the Rule 11 Plea Agreement, Defendant agreed that he and others embezzled, stole, and unlawfully and willfully abstracted and converted more than $1 million of the moneys, funds, property, and other assets of the United Auto Workers to their own use. (ECF No. 42, PageID. 283).

As part of the scheme, Defendant and others fraudulently obtained hundreds of thousands of dollars of UAW funds from the UAW headquarters, the UAW Southwest CAP, and the UAW Midwest CAP. (*Id.* at PageID. 284). Much of this money was obtained through the submission of vouchers that claimed the payments were for legitimate expenses for UAW Region 5 conferences. (*Id.*) In reality, the vouchers concealed the true destination of the funds and the true purpose of the expenses, which was for the personal benefit of select senior UAW officials. (*Id.*)

In approximately 2010, a UAW Official directed Defendant and others to use Master Account arrangements with hotels, which were hosting UAW conferences, to facilitate and conceal the use of UAW funds for personal purposes. (*Id.* at PageID. 285). These Master Accounts were funded, in part, by transfer from

the UAW Headquarters based on fraudulent vouchers submitted by senior UAW officials, which misrepresented the destination and purpose of the expenses. (*Id.*) Although the vouchers represented the payments were to the hotel for legitimate conference expenses, significant portions of the funds were forwarded through the Master Account to outside vendors for personal expenses including cigars, private villas, high-end liquor and meal expenses, golfing apparel, golf clubs, and green fees (*Id.*). In or about 2016, Defendant and other co-conspirators used UAW funds to pay for sets of custom-fit Titleist golf clubs through the Club at Porto Cima in Sunrise Beach, Missouri. (*Id.* at PageID. 290). The conspirators fraudulently concealed the use of UAW money for the purchase of the golf clubs by hiding expenditures within the costs of a UAW Region 5 conference held in September 2016 in Lake of the Ozark, Missouri. (*Id.* at PageID. 290-91).

Defendant and others also fraudulently diverted hundreds of thousands of dollars of union funds from the UAW Midwest CAP or its predecessor entities, a significant portion of which was converted to cash, and which was then used by conspirators for personal expenses. (*Id.* at PageID. 284). Similarly, while a UAW official, Defendant took over $50,000 from the "Five Fellowship Fund" bank account, sometimes referred to as a "flower fund" and from the "Members in Solidarity" bank account, and used the money for his own personal expenses unrelated to the ostensible purposes of the two funds. (*Id.* at PageID. 291).

5.  As part of his Rule 11 Plea Agreement, Defendant agreed to forfeit his interest in the following property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (ECF No. 42, PageID. 301):

    a. approximately $81,000 from the "flower fund," also known as the 5 Fellowship Fund, of the defendant from the following bank account controlled by the defendant – UAW Federal Credit Union Account No. XXXXXX0940;

    b. approximately $38,000 from the defendant's "Members in Solidarity" account from the following bank account controlled by defendant – Enterprise Bank and Trust Account No. XXXXXX8102; and

    c. one set of Titleist golf clubs seized from the defendant's residence in Canton, Michigan on August 28, 2019.

6.  The foregoing property is more specifically described as:

    a. $83,613.64 in funds from bank account number 6094084 in the name of 5 Fellowship Club (19-FBI-008654);

    b. $38,644.62 in funds from bank account number 88102 in the name of Members in Solidarity Fund at Enterprise Bank and Trust payable to the U.S. Marshal's Service (21-FBI-002104); and

    c. one set of Titleist golf clubs seized from the defendant's residence in Canton, Michigan on August 28, 2019 (19-FBI-008852).

(the "Subject Property").

7. As part of this Stipulation, Defendant agrees that he obtained the Subject Property as a result of his participation in the described scheme. Therefore, Defendant agrees to forfeit the Subject Property to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property derived from proceeds traceable to his violation of 18 U.S.C. §§ 371, 1952(a)(3) and 29 U.S.C. § 501(c) as alleged in Count One of the Second Superseding Information.

8. In entering into this Stipulation, Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case and expressly waives his right to challenge any failure by the Court to advise him of this, under Federal Rule of Criminal Procedure 11(b)(1)(J), when it accepted his guilty plea. Defendant also expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment. In entering into this Stipulation, Defendant also expressly waives his right under Federal Rule of Criminal Procedure 32.2(b) to a further determination regarding the forfeitability of the Subject Property.

9. In entering into this Stipulation, Defendant knowingly, voluntarily, and intelligently waives any challenge to the described forfeiture based upon the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

10. Defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that this Order shall become final as to his interests at entry.

Based on the Second Superseding Information, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds that the Subject Property has a nexus to Count One and **ORDERS FORFEITURE** of the Subject Property to the United States. Any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States shall publish notice

of this Stipulated Preliminary Order of Forfeiture on www.forfeiture.gov for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property, must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that, after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such

discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that, if no one files a timely petition for any of the Subject Property by the deadline provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2) and shall be authorized to dispose of the Subject Property as prescribed by law. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition(s) as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

[*The remainder of this page left blank.*]

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Saima S. Mohsin
Acting United States Attorney

| | |
|---|---|
| s/ ADRIANA DYDELL | s/ J. BRUCE MAFFEO |
| ADRIANA DYDELL | J. BRUCE MAFFEO |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort St., Ste. 2001 | 3 WTC, 175 Greenwich Street |
| Detroit, MI 48226 | 55th Floor |
| (313) 226-9125 | New York, NY 10007 |
| adriana.dydell@usdoj.gov | (212) 883-4951 |
| [CA Bar No 239516] | jbmaffeo@cozen.com |
| | |
| Dated: June 2, 2021 | Dated: |
| | |
| | (Signature page attached) |
| | GARY JONES |
| | Defendant |
| | |
| | Dated: June 2, 2021 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: June 7, 2021

s/Paul D. Borman
HON. PAUL D. BORMAN
United States District Judge

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Saima S. Mohsin
Acting United States Attorney

s/ ADRIANA DYDELL
ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No 239516]

Dated: June 2, 2021

_____
J. BRUCE MAFFEO
Attorney for Defendant
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
(212) 883-4951
jbmaffeo@cozen.com

Dated:

_____
GARY JONES
Defendant

Dated: 6/2/2021

10